UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN PASTUSHOK,

        Plaintiff,                       Case No.:

v.

CAP GENIE, INC.,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUSTIN PASTUSHOK, hereby sues Defendant, CAP GENIE, INC. (hereinafter "CAP GENIE") and states as follows:

## INTRODUCTION

This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA") to recover unpaid overtime wages and liquidated damages owed to Plaintiff, as well as the Florida Deceptive and Unfair Trade Practices Act, *Fla. Stat.* § 501.201 *et seq.*

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Defendant, CAP GENIE, is a Foreign Profit Corporation authorized and doing business in this Judicial District.

4. Defendant is a covered employer under the Fair Labor Standards Act.

5. Plaintiff, JUSTIN PASTUSHOK, is an adult and a resident of Manatee County, Florida.

6. Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(2), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

7. In April 2018, Plaintiff was honorably discharged from the United States Navy.

8. During Plaintiff's job interview with Defendant, Plaintiff was told that a co-worker (Brent Murphy) was nearing retirement and that Plaintiff would work with him to learn the skills and duties of the job so that Plaintiff could ultimately replace him upon retirement.

9. On May 22, 2018, Defendant provided Plaintiff with an Employment Offer letter. The letter extended Plaintiff an offer to work for Defendant as a Technician working from Defendant's Sarasota, Florida facility. The letter further noted that Plaintiff's annual base salary was $36,040. Additionally, the letter provided that Plaintiff would be on a ninety (90) day probationary period and at the end of the probation period, Plaintiff's supervisor and management would provide Plaintiff with a "full evaluation of your performance and determine if you qualify for a continuance of employment as a full-time employee."

10. In the Employment Offer letter, Defendant further agreed to apply for the On-the-Job Training and Apprenticeship (OJT) benefit through the Department of Veterans Affairs on Plaintiff's behalf. The OJT benefit provided a monthly housing allowance, as well as compensation for books and supplies. The agreement to apply for the OJT benefits was relied upon by Plaintiff in deciding to accept the Technician position with Defendant. However, Defendant failed to apply for and obtain the OJT benefit on Plaintiff's behalf.

11. On May 23, 2018, Plaintiff signed an employee handbook acknowledgement where, among other things, Plaintiff affirmed that his employment with Defendant was "on non-exempt terms."

12. On May 28, 2018, Plaintiff began his employment with Defendant.

13. In addition to Plaintiff's salary, Defendant agreed to provide Plaintiff with a $40 per diem. However, Defendant failed to compensate Plaintiff in the full amount of the per diem owed.

14. As a Technician, Plaintiff's primary job duties required the performance of manual labor. Specifically, Plaintiff participated in the installation, repair, and replacement of water bottle assembly lines and line components. This involved machine operation of CNC (computerized numerical control) and mechanical water jets, lathes, mills, and routers for fabrication of site-specific parts. All of Plaintiff's job tasks and the method of his performance was at the discretion of Defendant.

15. Plaintiff's Technician job required significant travel throughout the United States to work at water bottling plants, specifically Nestle Waters.

16. Plaintiff worked an average of approximately 74 hours per work week; however, Plaintiff was not compensated at a rate of time and one-half his regular rate of pay for all hours worked over forty (40) in a work week. Plaintiff estimates that he worked approximately 1,228 hours of uncompensated overtime during the thirty-seven (37) week period.

17. February 8, 2019 was Plaintiff's final day of work with Defendant.

18. On March 13, 2019, Plaintiff went to Defendant's Sarasota facility to pick up his final paycheck, return outstanding company items, and obtain his 2018 IRS Form W-2. Rather than provide Plaintiff with an IRS Form W-2, Defendant provided Plaintiff with an IRS Form 1099. When providing the 1099, Regina Mateus-Marmion (Office Manager—North America) told Plaintiff that she "thought it was understood [Plaintiff] was being hired as an independent contractor." Plaintiff was surprised by Mateus-Marmion's comments since Defendant provided Plaintiff with a written employment offer, accepted a completed IRS Form W-4 before his first day of Plaintiff's employment (as Plaintiff was told that it was required of every new employee), and treated Plaintiff as an employee throughout his tenure with Defendant, including, but not limited to, requiring Plaintiff to wear shirts with Defendant's company logo at Defendant's Sarasota, Florida facility and at Nestle Waters' bottling plant locations.

19. Plaintiff performed work for Defendant in excess of forty (40) hours per work week, for which Defendant knew or should have known.

20. At all material times, Plaintiff was regularly required to work hours in excess of the maximum hours allowed by law (overtime hours). However, Defendant failed to keep accurate time records reflecting the hours worked by Plaintiff.

21. Defendant's violations of the FLSA were/are knowing, willful, and in reckless disregard of the rights of Plaintiff.

22. Plaintiff has retained the services of Florin Gray Bouzas Owens, LLC and is obligated to pay his legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT - UNPAID OVERTIME

23. Plaintiff, JUSTIN PASTUSHOK, realleges and incorporates paragraphs one (1) through twenty-two (22) as though set forth fully herein.

24. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at least the prevailing minimum wage for all hours worked and overtime at a rate of not less than 1 ½ times the regular rate of pay for all hours worked in excess of the maximum hours allowed by law (overtime hours).

25. Plaintiff is not exempt from the right to receive overtime pay under the FLSA. Therefore, Plaintiff is entitled to be paid overtime compensation for all overtime hours worked.

26. Throughout his employment with Defendant, Plaintiff worked in excess of the maximum hours allowed by law (overtime hours), for which he was not compensated at the overtime rate.

27. Plaintiff was/is entitled to be paid overtime compensation for all overtime hours worked.

28. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of the maximum hours allowed by law (overtime hours), violates the FLSA, 29 U.S.C. §§ 201 *et. seq.,* including 29 U.S.C. § 207.

29. Defendant has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 211(c) and § 215(a).

30. Defendant's violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

31. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA.

WHEREFORE, Plaintiff, JUSTIN PASTUSHOK, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, CAP GENIE for:

(a) Overtime compensation, liquidated damages, and prejudgment interest;

(b) Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

(c) A judicial determination that the FLSA was violated;

(d) An adjudication on the merits of the case; and

(e) Such other relief as the court may deem just and proper.

### COUNT II
### BREACH OF CONTRACT

32. Plaintiff, JUSTIN PASTUSHOK, realleges and incorporates paragraphs one (1)

through twenty-two (22) as though set forth fully herein.

33. Defendant breached the Employment Offer agreement by failing to apply for the OJT benefit on Plaintiff's behalf.

34. Additionally, Defendant breach its agreement with Plaintiff to pay the full amount of per diem owed to Plaintiff.

35. As a direct result of Defendant's breaches of the subject agreement, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, JUSTIN PASTUSHOK, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, CAP GENIE for:

    (a)    Damages arising from the breaches;

    (b)    Prejudgment and post-judgment interest;

    (c)    Attorneys' fees and costs pursuant to Fla. Stat. § 448.08; and

    (d)    Such other relief as the Court may deem just and proper.

## COUNT III
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

36. Plaintiff, JUSTIN PASTUSHOK, realleges and incorporates paragraphs one (1) through twenty-two (22) as though set forth fully herein.

37. Plaintiff brings this claim pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), *Fla. Stat.* § 501.201 *et seq*.

38. The Florida Deceptive and Unfair Trade Practices Act (FDUTPA) makes it unlawful to engage in "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Fla. Stat.* § 501.204.

39. FDUTPA's prohibitions are extremely broad and reach a wide range of activities.

40. FDUTPA covers conduct that offends established public policy, such as an established public policy that employers correctly characterize their employees as employees rather than independent contractors and pay the proper state and federal taxes for such employees.

41. Plaintiff is permitted to bring suit under FDUTPA even though the unlawful practice of Defendant did not involve a consumer transaction. *Fla. Stat.* § 501.211(2).

42. During Plaintiff's employment with Defendant, Plaintiff was improperly classified as an independent contractor by Defendant rather than an employee, so Defendant could attempt to avoid complying with federal and state laws, including but not limited to failure to pay federal payroll taxes and state unemployment taxes.

43. By failing to pay required payroll taxes, Defendant engaged in an unfair method of competition because Defendant paid fewer taxes than competing businesses that follow state and federal tax laws and, therefore, have more money to use in competition against its competing businesses.

44. By incorrectly characterizing Plaintiff as an independent contractor, Defendant violated FDUTPA.

WHEREFORE, Plaintiff, JUSTIN PASTUSHOK, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, CAP GENIE for:

(a) Actual damages;

(b) Declaratory relief;

(c) A judicial determination that Defendant violated FDUTPA;

(d) Injunctive relief;

(e) A civil penalty of not more than $15,000 for each violation of FDUTPA for Defendant's willful act or practice directed at Plaintiff, a military servicemember;

(f) Attorneys' fees and costs;

(g) Such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

45. Plaintiff, JUSTIN PASTUSHOK, demands a trial by jury.

Dated this 17th day of July, 2019.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory A. Owens*
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*